REQUESTED BY: Dear Senator DeCamp:
Since LB 382 in regard to Laetrile is pending before the Legislature, you have asked whether Laetrile can now be shipped into Nebraska and indiscriminately used by cancer patients without any interference by us.
The answer is yes because it is a federal law, 21 U.S.C. § 355, which proscribes the introduction of a new drug into interstate commerce if it is not generally recognized by experts as being both safe and effective, does not come within a 1938 or 1962 grandfather exception, and is not being used for experimental purposes as provided. However, federal law must be enforced by the federal government, not by Nebraska law enforcement officers. See, ATS Mobile Telephone, Inc.v. General Communications Co., Inc., 204 Neb. 141, ___ N.W.2d ___ (1979), where the court held that a state agency had no jurisdiction over a matter preempted by the federal government. It said:
 ". . . When Congress has unmistakably entered a field and has enacted regulations to govern a field, state laws regulating that aspect of commerce must fail. This result is required whether Congress specifically directs such a result in the legislation or such a result is required by reason of the purpose of the act. . . .
 "Congressional enactments that do not exclude all state legislation in the same field nevertheless override state laws with which they conflict. United States Constitution, Art. VI. The criterion for determining whether state and federal laws are so inconsistent that the state law must give way is firmly established by case law. . . ." Supra at 146.
The enforcement officers in this instance are the federal Food and Drug Administration (FDA).
You have also asked whether our opinion No. 228 (February 21, 1980) says the opposite of our opinion No. 222 (February 13, 1980). No, it does not. In No. 222 we discussed how the federal Food, Drug and Cosmetic Act proscribes the distribution interstate of Laetrile because it is not generally recognized by experts as being a safe and effective drug. We concluded that the FDA has authority to forbid the transportation of Laetrile in interstate commerce if Laetrile does not meet the standards of the federal Food, Drug and Cosmetic Act and that materials needed to manufacture Laetrile may not legally be imported into Nebraska. In No. 228 we pointed out how the FDA was enjoined from enforcing the proscriptions of the federal law, pending a final determination of whether Laetrile was excepted from the operation of that law by a 1962 grandfather clause or whether the FDA was violating a right of privacy by keeping patients from taking a safe drug. (The district court which enjoined the FDA did not set aside its finding that Laetrile was not recognized by experts as being safe and effective.)
The unusual survival of the district court injunction against the FDA, through reversal by the Supreme Court of the injunction of the circuit court continuing it, arose from a combination of two facts: (1) the refusal of the district court to stay its order pending appeal, and (2) the failure of the circuit court to rule on whether Laetrile came within the 1962 grandfather clause and whether the FDA was violating a right of privacy by keeping patients from taking a safe drug. (Implicitly it had rejected those grounds by not basing its decision on them but on a judicially created exception limiting the power of the FDA over Laetrile which was by inference a `new drug.') The second fact was set out in our opinion No. 222. When we were alerted to the existence of the first fact, we immediately verified it with the clerk of the district court and advised the Legislature of its effect.
The circuit court has now ruled, consistent with the opinion of the Supreme Court, that Laetrile does not come within the 1962 grandfather clause. It has also held that Congress has power to limit the drugs patients are free to choose to take. It has reversed the judgment of the district court and remanded the case. As soon as the mandates are issued in those cases, the FDA should be free again to enforce the proscriptions discussed in our opinion No. 222 unless a stay is issued pending rehearing or pending application for a writ of certiorari to the Supreme Court.